# CREIZMAN LLC

RECEIVED
JAN - 2 2014
AT 8:30_____M
WILLIAM T. WALSH
CLERK

565 Fifth Avenue
7th Floor
New York, New York 10017
tel: (212) 972-0200
fax: (646) 200-5022
ecreiz@creizmanllc.com
www.creizmanllc.com

By Email and ECF

January 1, 2014

The Honorable Joel A. Pisano
United States District Judge
United States District Court
District of New Jersey
402 East State Street
Newark, New Jersey 08608

Re: United States v. Eliyahu Weinstein, et al., Docket No. 11-CR-701 (JAP)

*[Handwritten note from judge:] The application of Mr. Creizman to withdraw his appearance, and to be relieved as counsel, is denied. The Court will file an opinion; however, the parties remain on notice that sentencing will occur on January 8, 2014. So Ordered. [signature] 1/2/14*

Dear Judge Pisano:

I received the attached letter this morning from Eliyahu Weinstein, who I represent in the above-referenced matter, expressing his desire to discharge me as his counsel in this case. Mr. Weinstein asked that I file his letter with the Court.

In light of Mr. Weinstein's request, I respectfully ask to be relieved from my representation of him because, as set forth in the attached letter, he has lost confidence in my ability to represent him at sentencing and is prepared to retain new counsel to replace me. In addition, for the reasons I have explained to the Court and to the government, I concur with Mr. Weinstein's view that neither I nor my firm can provide him Constitutionally or professionally competent representation at sentencing given its currently scheduled date of January 8, 2014. Given the effort I put into what I believed were all meritorious motions necessary to protect Mr. Weinstein's rights and my competing obligations as a solo practitioner, I find myself unable to discharge my professional responsibilities to my client and the Court under the Court's present schedule. I apologize to the Court for my inability to do so.

Because Mr. Weinstein is facing a sentence of as much as 300 months' imprisonment, at this most important phase of the criminal justice process, and with Mr. Weinstein also facing a pending criminal complaint, I respectfully request that the Court grant Mr. Weinstein's application to discharge me and retain new counsel in whom he has confidence and who can adequately represent him at sentencing.

I thank the Court for its consideration in this matter.

Respectfully submitted,

/s/ Eric M. Creizman

Eric M. Creizman

cc: Rachel Honig, Esq., Gurbir Grewal, Esq., Zach Intrater, Esq., Assistant U.S. Attorneys

Attachment

# Eric Creizman

| | |
|---|---|
| **From:** | WEINSTEIN ELIYAHU (62465050) |
| **Sent Date:** | Tuesday, December 31, 2013 8:28 PM |
| **To:** | ecreiz@creizmanllc.com |
| **Subject:** | Confidential - Attorney Client Privilege |

Eric,

Please file the following letter with the court, on my behalf, as soon as you receive it.

Dear Judge Pisano,

I have discharged my lawyer, Eric Creizman, because he is not ready to represent me competently at my sentencing scheduled for Jan 8th or 9th 2013. I understand that the Government has submitted a 130 page sentencing memorandum. Mr. Creizman has not prepared or submitted any sentencing memorandum, and as he admitted in court yesterday he is not in a position to do so since he is not familiar with the facts underlying my case. In the four and a half months that Mr. Creizman has been on the case, we have never discussed the facts pertaining to the majority of the allegations contained in the indictment or PSR, let alone, reviewed voluminous documents pertaining to those allegations. Moreover, despite an 89 page PSR, Mr. Creizman can only manage to file a short submission described as "Not Comprehensive" containing only a few objects to the PSR. Even then, however, the objections filed by Mr. Creizman reveal that the probation department is plainly and broadly mistaken in it's view in my case and conduct. Finally, Mr. Creizman has another commitment, a federal criminal trial in the Eastern District of New York, commencing Jan 6th, which has diverted his attention from my case.

In short, I have not, can not, and will not receive the effective assistance of counsel at my sentencing, as the Sixth Amendment requires, even thought I am facing the real possibility of severe punishment. It is not fair or constitutional to require me to proceed to sentencing with a lawyer who is plainly admittedly unprepared. I have other lawyers who are prepared to step in Mr. Creizman shoes, only if they are afforded sufficient time to prepare for the sentencing hearings and sentencing that will occur in my case.

Thank you for your consideration of this request.

Respectively Submitted,
Eliyahu Weinstein