

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Appeals Division*

---

*Mark E. Coyne*  *970 Broad Street, Suite 700*  *Phone: (973) 297-2002*
*Assistant U.S. Attorney*  *Newark, New Jersey 07102*  *Fax: (973) 297-2007*

January 3, 2014

By E-Mail and Mail

Hon. Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:    *United States v. Weinstein*, 11-cr-701 (JAP)

Your Honor:

    The Government writes regarding the denial of counsel's motion to withdraw and defendant Eliyahu Weinstein's request for yet another continuance so that he can retain still other attorneys to represent him at his sentencing. If those new attorneys appear, they will be Weinstein's ninth in this case.

    These latest requests implicate Weinstein's Fifth Amendment right to due process and his Sixth Amendment right to counsel. The Government believes that denying the requests will not deprive Weinstein of those rights if an appropriate record is made. Below are some of the legal standards that will bear on those issues and, given Weinstein's track record so far, the ineffective assistance of counsel claim that he surely will raise under 28 U.S.C. § 2255 whether or not his sentencing proceeds as scheduled.

    ***Due Process.*** The Third Circuit will review the denial of a continuance for an abuse of discretion. *United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007). "Because there is no 'mechanical test [ ]' to determine where there exists a violation of due process, courts must examine the particular circumstances of each case." *Id.* at 245–46 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). "When presented with a motion for continuance, a court should consider the following factors: the efficient administration of criminal justice, the accused's rights, and the rights of other defendants whose trials may be delayed as a result of the continuance." *Olfano*, 503 F.3d at 246. Moreover, "a court will only vacate a sentence based on a refusal to continue a sentencing hearing where the denial was arbitrary and it substantially impaired the defendant's opportunity to receive a fair sentence." *Id.*

    Here, given the substantial time counsel has had to prepare for sentencing and his representation to this Court a month ago that "we have also begun working

very hard on preparing for sentencing[,]" Docket Entry 134 at 3, Weinstein cannot meet that standard. *See United States v. Kikumura*, 947 F.2d 72, 79 (3d Cir. 1991) (no abuse of discretion in denying continuance to retain new counsel for resentencing where the defendant had four months to prepare for the resentencing; the district court twice adjourned the resentencing at the defense's request; and, after retained counsel withdrew, the court appointed replacement counsel a month before the resentencing).

**Sixth Amendment.** Although a defendant has the right to retained counsel of his choice, that right is not absolute. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151–52 (2006). Rather, this Court has "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *Id.* at 152; *see Morris v. Slappy*, 461 U.S. 1, 11–12 (1983). But "an erroneous deprivation of the right to" retained counsel of choice is structural error that would require vacating any judgment tainted by that error. *Gonzalez-Lopez*, 548 U.S. at 150.

Relatedly, when a defendant moves on the eve of sentencing for a continuance to obtain new counsel, a district court must engage in a two-part "*Welty*" inquiry. *United States v. Salemo*, 61 F.3d 214, 218–20 (3d Cir. 1995); *see Pazden v. Maurer*, 424 F.3d 303, 314 & n.11 (3d Cir. 2005); *United States v. Welty*, 674 F.2d 185, 187 (3d Cir. 1982). *First*, "the district court must engage in at least some inquiry as to the reason for the defendant's dissatisfaction with his existing attorney" and "decide if the reasons for the defendant's request for substitute counsel constitute good cause and are thus sufficiently substantial to justify a continuance . . . in order to allow new counsel to be obtained." *Welty*, 674 F.2d at 187. *Second*, "[i]f the district court determines that the defendant is not entitled to a continuance in order to engage new counsel, the defendant is then left with a choice between continuing with his existing counsel or proceeding to trial *pro se*[.]" *Welty*, 674 F.2d at 187. Therefore, "the court must inform the defendant that he can either proceed with current counsel, or represent himself." *United States v. Peppers*, 302 F.3d 120, 132 (3d Cir. 2002).

For the first stage of the *Welty* inquiry, "'good cause'" is "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with the attorney." *United States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir. 1995). Yet "there are countervailing governmental interests," *id.*, including the efficient administration of criminal justice, *Kikumura*, 947 F.2d at 78, or bad faith for purposes of delay or to subvert judicial proceedings, *United States v. Romano*, 849 F.2d 812, 819 (3d Cir. 1988). Thus,"[a] defendant will not be permitted to subvert judicial proceedings or cause undue delay by designating a certain lawyer. . . . Nor must a court honor a belated request made not in good faith but as a transparent ploy for delay." *United States v. Rankin*, 779 F.2d 956, 958 (3d Cir. 1986). "The

ability to choose counsel . . . cannot be used merely as a manipulative monkey wrench." *Id.* (quotation marks omitted).

If during the second stage of the *Welty* inquiry the defendant expresses an unequivocal desire to proceed *pro se*, the court must conduct a fulsome *Faretta* colloquy to ensure that the waiver of the right to counsel is knowing and voluntary. *See Buhl v. Cooksey*, 233 F.3d 783, 792–94 (3d Cir. 2000); *Salemo*, 61 F.3d at 220–21. On the other hand, if "the defendant decides to proceed with unwanted counsel," the Third Circuit "will not find a Sixth Amendment violation unless the district court's 'good cause' determination was clearly erroneous or the district court made no inquiry into the reason for the defendant's request to substitute counsel[,]" *Goldberg*, 67 F.3d at 1098, and those reasons were not otherwise "made known to the court," *Welty*, 674 F.2d at 188; *see Salemo*, 61 F.3d at 218, 221. Thus, the "reviewing court must be confident the defendant is not forced to make a choice between incompetent counsel or appearing *pro se*." *Pazden*, 424 F.3d at 313 (quotation marks omitted).

***Ineffective Assistance of Counsel.*** Where a district court properly denies a request for a continuance of sentencing, to prevail on a subsequent ineffective assistance of counsel claim, the defendant typically must satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). That is, the defendant must "overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 689). In addition, the defendant must show at least a likelihood that his sentence would have been lower if his counsel had been given even more time to prepare. *See Glover v. United States*, 531 U.S. 198 (2001); *Olfano*, 503 F.3d at 246–47.

Only if counsel "*entirely* fails to subject the prosecution's case to meaningful adversarial testing[,]" *Bell v. Cone*, 535 U.S. 685, 697 (2002) (quotation marks omitted), or otherwise abandons him might a defendant avoid the stringent *Strickland* standard. *See Florida v. Nixon*, 543 U.S. 175, 179, 189–92 (2004); *United States v. Cronic*, 466 U.S. 648, 659–62 (1984); *cf. Maples v. Thomas*, 132 S. Ct. 912 (2012) (excusing procedural default in capital case where two Sullivan & Cromwell LLP associates abandoned their *pro bono* client). Even then, though, if the defendant has engaged in sufficiently egregious conduct, he may have forfeited his right to counsel altogether. *See Goldberg*, 67 F.3d at 1100–03. The basis for such a finding, however, would be far stronger if the defendant first were warned that continued dilatory conduct would result in his having to proceed *pro se*, with all the risks that would entail. *Id.*

\* \* \*

– 4 –

Under these standards, the Government believes that this Court properly denied Weinstein's latest requests and will defend those rulings vigorously on appeal and in any collateral proceedings. Nonetheless, to eliminate any risk posed by any Fifth or Sixth Amendment claim, *cf. Pazden*, 424 F.3d at 312–19 (granting § 2254 relief and vacating conviction where defendant had to choose between constitutionally ineffective counsel and proceeding *pro se*), this Court could grant Weinstein one last continuance. Were this Court so inclined, the Government would request that the sentencing hearing be rescheduled for the first week of March, that Weinstein, his current counsel and any new counsel be admonished on January 8th that no further continuances will be granted, and that Weinstein be given *Faretta* warnings that same day.

The Government thanks this Court for the time and consideration Your Honor has devoted to these matters.

    Respectfully submitted,

    PAUL J. FISHMAN
    UNITED STATES ATTORNEY

By:    Mark E. Coyne
    Assistant U.S. Attorney
    Chief, Appeals Division

cc:    Eric M. Creizman, Esq.
    Caroline J. Polisi, Esq.
    (all copies by ECF and email)