UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 11-701 (JAP) |
| v. | **ORDER** |
| ELIYAHU WEINSTEIN, | |
| Defendant. | |

  Defendant Eliyahu Weinstein was originally charged by criminal Complaint on August 10, 2010. On October 27, 2011, the Grand Jury returned a forty-five count Indictment charging Weinstein with conspiracy to commit wire fraud (Count 1), substantive counts of wire fraud (Counts 2-30), the commission of wire fraud while on release (Counts 31-32), bank fraud (Count 33), and conducting transactions with criminally derived proceeds (Counts 34-45). On January 3, 2013, Weinstein pled guilty to one count of conspiracy to commit wire fraud and one count of transacting in criminal proceeds.[1] On February 25, 2014, after an extensive sentencing hearing spanning several days, this Court sentenced Weinstein to a term of imprisonment of 264 months, ordered him to forfeit assets to the United States, and ordered restitution be made in the amount of $217,567,459 to be distributed to a specified list of identified victims.

  Presently before the Court is the Government's motion to amend the restitution order to include the losses of five additional victims totaling $6,662,590 [docket # 184]. According to the Government, the additional victims were not identified by the Government as victims prior to or during the sentencing and therefore did not discover their losses were compensable until sentencing occurred.  Weinstein opposes the Government's motion and argues that the restitution

---

[1] Weinstein entered pleas of guilty to Counts 1 and 36 of the Indictment.

order should instead be amended to reduce the amount of restitution to $17,810,000 because "this Court erred when it ordered Weinstein to make restitution to victims who were never mentioned in the redacted indictment . . . or who were deleted from the indictment."[2] [docket # 185].

The Mandatory Victims Restitution Act ("MVRA") requires the Court to "order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense . . ." 18 U.S.C. § 3663A(a)(1). A "victim" is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element of a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy or pattern." 18 U.S.C. § 3663A(a)(2). The Court must "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." *U.S. v. Bryant,* 655 F.3d 232, 254 (3d Cir. 2011). If the victim's loss is at issue, the Government has the "burden of demonstrating the amount of the loss sustained by a victim as a result of the offense" by a preponderance of the evidence. 18 U.S.C. § 3664(e).

The MVRA "seeks primarily to help the victims of crime and only secondarily to help the defendant . . ." *Dolan v. U.S.,* 560 U.S. 605, 613. Accordingly, 18 U.S.C. § 3664(d)(5) provides, in relevant part, that a victim has "60 days after discovery of [its] losses in which to petition the court for an amended restitution order." Under this section, "[s]uch an order may be granted only

---

[2] Weinstein's motion to amend the judgment in this case to reduce the amount of restitution is untimely. Under Federal Rule of Criminal Procedure 35, Defendant had 14 days from the February 25, 2014, date of sentencing in which to move the Court for a corrected judgment if he felt the Court had committed clear error. Weinstein's submission on May 27, 2014, falls far outside the 14 day period.

upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief."

Weinstein argues that the Third Circuit's decision in *U.S. v. Akande,* 200 F.3d 136 (1999), supports his contention that the Government's motion should be denied and the restitution order should be reduced to $17,810,000 because restitution can only be ordered for victims named in the indictment. This argument is without merit and misstates the holding in *Akande*. While the Third Circuit in *Akande* limited restitution to conduct within the temporal scope of the charged conspiracy, the court specifically stated that "victims need not be specifically named in the indictment or at trial" to qualify as a victims entitled to restitution under the MVRA. *Id.* at 141.

The temporal scope of the conspiracy to which Weinstein pled guilty began at least as early as in or about June 2004 and continued until in or about August 2011. The losses suffered by the victims the Government now moves to include in the restitution order occurred during this time frame as a part of the conspiracy. However, these victims were not identified by the Government to U.S. Probation or during the sentencing hearing either because of the Government's oversight or because they were not known to the Government as of the date of sentencing.

Here, the victims' losses resulted from the scheme to which Weinstein pled guilty and the Government has demonstrated, by a preponderance of the evidence: (1) Y.B.'s losses of $1,042,590; (2) W.K.'s losses of $700,000; (3) J.M.'s losses of $150,000; (4) E.R.'s losses of $4,000,000; and (5) M. & S.C.'s losses of $770,000. Therefore, because the Court finds that good cause exists for the failure to include these losses in the initial restitution order, the additional victims are entitled to restitution in the amount of $6,662,590.

Accordingly, the Court having found that the Government has demonstrated the losses of the additional victims by a preponderance of the evidence,

**IT IS** on this 10th day of June, 2014,

**ORDERED** that the Government's motion to amend the judgment to include an additional $6,662,590 in restitution, bringing the total amount of restitution to $224,230,049, [docket # 184] is **GRANTED;** and it is further

**ORDERED** that Weinstein's cross-motion to amend the judgment to reduce the amount of restitution to $17,810,000 [docket # 185] is **DENIED;** and it is further

**ORDERED** that the judgment in this case shall be amended to reflect the following additional sums of restitution to the following victims and in the following amounts:

| | |
|---|---|
| **VICTIM Y.B.** | $1,042,590 |
| **VICTIM W.K.** | $700,000 |
| **VICTIM J.M.** | $150,000 |
| **VICTIM E.R.** | $4,000,000 |
| **VICTIMS M. & S.C.** | $770,000 |
| | |
| **TOTAL ADDITIONAL RESTITUTION** | $6,662,590 |
| **TOTAL RESTITUTION** | $224,230,049 |

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

4